# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS HEREDIA-VALDIVIA,<br><br>Defendant. | CASE NO. 11-CR-3251-JM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND TO ISSUE A WRIT OF PROHIBITION**<br><br>Doc. No. 16 |

Defendant Luis Heredia-Valdivia is charged with attempted reentry after deportation under 8 U.S.C. § 1326 and impersonation of a United States citizen under 18 U.S.C. § 911. He brings the instant motion to dismiss his indictment and for a writ of prohibition ordering the United States to cease detaining pretrial arrestees at Ports of Entry and Border Patrol Stations. (Doc. No. 16.)

## I. BACKGROUND & SUMMARY OF ARGUMENTS

Defendant was arrested on June 30, 2011. Although a criminal complaint was filed against him on July 1, 2011, he was not brought before a magistrate judge to make his initial appearance until July 14, 2011. According to Defendant, he was detained for approximately seven days at the border, during which time he was subjected to harsh conditions of confinement. Defendant submits a questionnaire filled out by defense counsel at the time of counsel's interview with Defendant as support for Defendant's allegations. (See Doc. No. 16 Exh. A.) For example, Defendant claims that he was forced to sleep on the concrete floor along

1  with forty other people, and with only one blanket for himself. He was not provided with any
2  personal hygiene items or permitted to bathe. In addition, he had no access to religious or
3  counseling services, nor was he permitted to make any telephone calls. Defendant alleges these
4  conditions also existed for other detainees.

5  Defendant now argues that the length of his pre-appearance detention violates FED. R.
6  CRIM. P. 5(a)(1)(A), which requires that an arrestee be taken before a magistrate judge
7  "without unnecessary delay" following his arrest. Defendant claims that the arresting officers
8  "ha[d] both the time and the means" to bring him before a magistrate judge, and simply failed
9  to do so in a timely manner. Moreover, to the extent that the delays experienced by Defendant
10 and others similarly situated could be said to be the result of a government "policy" of waiting
11 to book arrestees into the correctional centers before bringing them into court, Defendant
12 argues that such policy serves no legitimate purpose and conflicts with Rule 5(a)(1)(A), and
13 is therefore unlawful. Finally, Defendant argues that the poor conditions under which he was
14 held constitute a violation of his Fifth Amendment right to due process.

15 According to Defendant, the court may remedy the "outrageous government conduct"
16 resulting in the statutory and constitutional violations described above by dismissing the
17 indictment in his case. In addition, because Defendant contends that the government has
18 undertaken a similar course of conduct towards many other pretrial detainees held at Ports of
19 Entry and Border Crossings, he also requests a writ of prohibition from the court ordering the
20 United States to cease all such detentions.

21 The United States has filed a response to Defendant's motion that challenges his right
22 to a dismissal on three grounds: First, the government claims that Defendant's motion is
23 untimely under CrimLR 47.1(b)(1), which requires all motions brought on behalf of a criminal
24 defendant to be filed "at least fourteen (14) days prior to the date for which the motion is
25 noticed unless the court . . . shortens that time." Defendant filed the instant motion after the
26 close of business on of August 11, 2011, just eight days before the date on which it was set to
27 be heard. Moreover, Defendant neither moved for shortened time nor provided informal notice
28

to the government.[1] Second, the government argues that dismissal of the indictment is not an appropriate remedy for a Rule 5 violation. (See Doc. No. 17 pp. 3-4 (citing United States v. Savchenko, 201 F.R.D. 503, 506 (S.D. Cal. 2001) ("The appropriate remedy for a violation of the 'without unnecessary delay' standard of Rule 5 is the suppression of any prejudicial statements provided by the accused during the subject period.")).) Finally, the government also contends that Defendant has failed to demonstrate any "outrageous government conduct" that would rise to the level of a due process violation. The government also contends that any extended delay at the border was the result of administrative necessities. The government's response does not address Defendant's request for a writ of prohibition.

## II. DISCUSSION

### A. Dismissal of Indictment

Defendant's request for dismissal apparently appeals to this court's "inherent supervisory powers to order dismissal of prosecutions," which the court may exercise, *inter alia*, in order "to implement a remedy for the violation of a recognized statutory or constitutional right." United States v. Matta-Ballesteros, 71 F.3d 754, 763 (9th Cir. 1995). However, Defendant's argument is based on a misreading of the "supervisory powers" doctrine. As the Ninth Circuit has explained:

> The supervisory powers doctrine "is premised on the inherent ability of the federal courts to formulate procedural rules not specifically required by the Constitution or Congress to supervise the administration of justice." Before it may invoke this power, a court must first find that the defendant is actually prejudiced by the misconduct. Absent such prejudice—that is, absent "'grave' doubt that the decision to indict was free from the substantial influence of [the misconduct]"—a dismissal is not warranted.

United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir. 1992) (quoting United States v. Larrazolo, 896 F.2d 1354, 1357-58 (9th Cir. 1989) and Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988)); see also United States v. Lopez, 577 F.3d 1053, 1068-69 (9th Cir. 2009) (finding exercise of court's supervisory powers to dismiss indictment not warranted in

---

[1] Despite the untimeliness of this motion, both parties represented to the court at oral argument that Defendant's request for dismissal of his indictment was ready for ruling, notwithstanding insufficient notice to the government. Therefore, the court does not address this argument as a grounds for denying Defendant's motion.

1 part because criminal defendant not prejudiced by government's <u>Brady</u> violation). Here, the
2 actual fact of Defendant's indictment is logically separate from the nature and length of his
3 initial detention; there are no allegations that Defendant confessed or made any incriminating
4 statements while he was held at the border, or that the government's decision to indict
5 Defendant was influenced by any events that took place during that time. Therefore, none of
6 the statutory or constitutional violations alleged can provide a basis for dismissal of the
7 indictment under this rule, and the court need not determine whether Defendant's detention
8 constituted a violation of either Rule 5 or the Fifth Amendment.

### B.     Writ of Prohibition

10 Defendant cites to the federal All Writs Act in support of his request for a writ of
11 prohibition ordering the government to halt the practice of detaining arrestees at the border.
12 (Doc. No. 16-1 pp. 10-11.) Under 28 U.S.C. § 1651(a), this court is empowered to "issue all
13 writs necessary or appropriate in aid of [its] jurisdiction[] and agreeable to the usages and
14 principles of law." (Emphasis added.) Thus, under a plain reading of the statute, the All Writs
15 Act only authorizes the issuance of writs that will assist the court in the exercise or
16 maintenance of its own jurisdiction. See <u>United States v. BNS Inc.</u>, 858 F.2d 456, 461 (9th Cir.
17 1988) ("While the [All Writs] Act does not enlarge the power of federal courts, it was intended
18 to effectuate jurisdiction already established."). Indeed, this interpretation is borne out by a
19 review of cases in which courts have issued writs under this Act. <u>See, e.g.</u>, <u>Plum Creek Lumber</u>
20 <u>Co. v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979) (holding that the All Writs Act permits a
21 court to order a third party to provide certain technical assistance to law enforcement in aid of
22 executing a valid warrant); <u>Bd. of Governors of Fed. Reserve Sys. v. Transamerica Corp.</u>, 184
23 F.2d 311 (9th Cir. 1950) (finding the Court had the authority to temporarily restrain a transfer
24 of stock that would otherwise defeat jurisdiction of the Board of Governors); <u>accord</u> <u>Samson</u>
25 <u>v. NAMA Holdings, LLC</u>, 637 F.3d 915, 936 n.93 (9th Cir. 2011) (declining to issue an
26 injunction under the All Writs Act where the Court "c[ould] not discern how the relief [the
27 Plaintiffs] s[ought] would aid the court's jurisdiction").
28 Defendant here has made no argument that enjoining the government's border detention

practices would be in aid of this court's jurisdiction, nor does any such rationale appear on the facts of the case. Therefore, there is no justification for issuing a writ of prohibition under the All Writs Act.

//

### III. CONCLUSION

For the reasons set forth above and based on this evidentiary record, the court hereby DENIES Defendant's motion to dismiss the indictment and for a writ of prohibition.

**IT IS SO ORDERED.**

DATED: August 23, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge